UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

    Plaintiff,

vs.

HARRAN HOLDING CORP. and
62 WEST NINTH RESTAURANT LLC,

    Defendants.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, HARRAN HOLDING CORP. and 62 WEST NINTH RESTAURANT LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a bar/restaurant located at 62 West 9th Street, New York, New York, 10011 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises is located in the Southern District.

1

## PARTIES

4. Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5. Defendant, HARRAN HOLDING CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, HARRAN HOLDING CORP., is the fee owner of the Subject Premises.

6. Defendant, 62 WEST NINTH RESTAURANT LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 62 WEST NINTH RESTAURANT LLC, is the owner/operator of the bar/restaurant "& SON STEAKEASY" located at the Subject Premises.

7. According to the New York State Liquor Authority, the Defendant, 62 WEST NINTH RESTAURANT LLC, d/b/a "& SON," was issued an On Premises Liquor license on November 14, 2024 for the Subject Premises.

8. & Son Steakeasy, located at 62 West 9th Street in New York, NY, is a dining establishment that combines elements of a traditional New York steakhouse with the ambiance of a speakeasy. The restaurant offers a menu featuring classic steakhouse fare, including various cuts of beef and accompanying sides, as well as a selection of cocktails and wines. The interior design incorporates vintage-inspired elements, creating an intimate and distinctive atmosphere for patrons. The Plaintiff appreciates the quality of the cuisine and the unique setting at & Son Steakeasy. However, despite the Plaintiff's appreciation for the establishment, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the

ADA.

9. In addition to his personal interest in accessing the offerings of & Son Steakeasy, Plaintiff has a meaningful connection to the surrounding Greenwich Village neighborhood. The area is well known for its artistic and cultural significance, and Plaintiff often visits nearby venues such as art galleries, small theaters, and performance spaces that reflect his passion for the arts. Just a short walk from the Subject Premises is Washington Square Park, a frequent meeting point where Plaintiff gathers with other artists and colleagues for social and creative exchange. Plaintiff's routine presence in this culturally rich neighborhood demonstrates a legitimate and ongoing interest in visiting & Son Steakeasy and enjoying its offerings on an equal basis with non-disabled citizens.

**FACTUAL ALLEGATIONS AND CLAIM**

10. On or about June 2024, and again on or about February 28, 2025, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. In addition to his ongoing interest in visiting the Facility, Plaintiff desires to return this November to celebrate an occasion with family and friends.

13. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

14. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

15. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

16. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

17. As the Subject Premises received its State Licensure in 2023, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure

18. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

19. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

20. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying

these violations.

21. On or about June 2024, and again on or about February 28, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

22. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

23. Plaintiff restates Paragraphs 1-22 as though fully set forth herein.

24. Defendants, HARRAN HOLDING CORP. and 62 WEST NINTH RESTAURANT LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

25. HARRAN HOLDING CORP., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

26. 62 WEST NINTH RESTAURANT LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

27. The Plaintiff's ability to access the Subject Premises and fully benefit from its

goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. **Inaccessible entrance**: The entrance requires one to go down three steps with no ramp in violation of ADAAG 206 and 402. There is also **not enough maneuvering clearance** at the double-leaf door on violation of ADAAG 206 and 207.

2. **Inaccessible bar**: The bar is too high and does not provide enough knee and toe clearance in violation of ADAAG 226, 902 and 306.

3. **Inaccessible Bar Tables**: The bar tables are too high, too narrow and do not provide enough knee and toe clearance in violation of ADAAG 226, 902 and 306.

4. **Inaccessible restrooms**: The restrooms are down a **flight of stairs** with no elevator or lift, and no handrails in violation of ADAAG 213 and 505. The **door of the men's room** is only 26.5 inches and is not wide enough to accommodate a wheelchair in violation of ADAAG 206, 402 and 404. **The door hardware** requires twisting of the wrist in violation of ADAAG 404 and 309. There **are additional steps** in the restroom leading to the toilet stalls and other features in violation of ADAAG 213. The steps have **no handrail extensions** in violation of ADAAG 505. The **light switch** is too high in violation of ADAAG 205, 309 and 308. There is **not enough maneuvering space** to the toilet stalls at the **path of travel** is only 34 inches wide and there is **not enough space** to open the stall door in violation of ADAAG 402 and 403. The **sinks are inaccessible** as they do not provide any underside clearance in violation of ADAAG 606 and 306. The **mirror** is too high in violation of ADAA 603. None of the **three toilet stalls are accessible** as the doorways are too narrow, there is **not enough space in the stall**, there is no self-closing door. The door swings into the stall. **There are no grab bars.** The **coat hook** is too high.

28.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

29.     In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises

in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Subject Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

30. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

31. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

32. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

33. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

34. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

35. Plaintiff has been obligated to retain undersigned counsel for the filing and

prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

August 6, 2025

Respectfully submitted,

*/s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
Bar No. JT2817
614 Lexington Avenue, 15th Floor
New York, New York 10017
(917) 669-6991
TucekLaw@Gmail.com
*Attorney for Plaintiff*